**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAN 11 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRAZIANO,                      )
No. 48743-080                          )
Federal Correctional Complex          )
Box 3000 (MEDIUM)                      )
Forrest City, Arkansas 72336,          )
                                       )
                    Plaintiff,         )
                                       )
          v                            )   CASE No. _____
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
J. Edgar Hoover Building               )
Washington, D. C.  20535,              )
          and                          )
FEDERAL BUREAU OF PRISONS,             )
320 First Street, NW.,                 )   FREEDOM OF INFORMATION ACT SUIT
Washington, D. C. 20534,               )
          and                          )
CRIMINAL DIVISION OF THE UNITED        )
STATES DEPARTMENT OF JUSTICE,          )
Keeney Building, Suite 1127            )       CASE NUMBER  1:06CV00036
950 Pennsylvania Avenue, NW            )
Washington, D.C. 20530,                )       JUDGE: Royce C. Lamberth
          and                          )
BUREAU OF ALCOHOL, TOBACCO,            )       DECK TYPE: FOIA/Privacy Act
FIREARMS & EXPLOSIVES,                 )
Department of Justice                  )       DATE STAMP: 01/11/2006
Washington, D. C. 20226,               )
          and                          )
INTERNAL REVENUE SERVICE,              )
Department of the Treasury             )
Washington, D. C.  20224,              )
          and                          )
NATIONAL SECURITY AGENCY,              )
9800 Savage Road                       )   C O M P L A I N T
Fort George G. Meade, Maryland         )
20755-6000,                            )
          and                          )
UNITED STATES SECRET SERVICE,          )
245 Murray Drive, Bldg 410             )
Washington, D. C. 20223,               )
          and                          )
UNITED STATES MARSHALS SERVICE,        )
Department of Justice                  )
Washington, D. C. 20530,               )
          and                          )
TAX DIVISION OF THE UNITED STATES )
DEPARTMENT OF JUSTICE,                 )
Washington, D.C. 20530,                )
          and                          )
UNITED STATES POSTAL SERVICE,          )
_____a, SW           )
Washington, D.C.  20260,               )

**RECEIVED**

DEC 12 2005

(continued)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES CUSTOMS SERVICE,                    )
Department of the Treasury                        )
Washington, D. C. 20229,                          )
                    and                           )
DRUG ENFORCEMENT ADMINISTRATION,                  )
United States Department of Justice               )
Washington, D. C. 20537,                          )
                    and                           )
EXECUTIVE OFFICE FOR UNITED STATES                )
ATTORNEYS, Department of Justice                  )
600 E Street, NW, Room 7300                       )
Washington, D.C. 20530,                           )
                    and                           )
INTERPOL, United States National Central)
Bureau, Department of Justice,                    )
Washington, D. C. 20530,                          )
                    and                           )
CENTRAL INTELLIGENCE AGENCY,                      )
Washington, D.C. 20505,                           )
                                                  )
                    Defendants.   )

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES, Plaintiff, ANTHONY GRAZIANO, Pro Se, and as and for his complaint against the above named defendant, hereby states, claims, and alleges as follows:

#### Plaintiff

Plaintiff, ANTHONY GRAZIANO, is a federal prisoner housed at the Federal Correctional Complex at Forrest City, Arkansas MEDIUM 72336.

#### Defendant

Defendants, each and every named agency above, are federal "agencies" as described in the FREEDOM OF INFORMATION ACT (5 USC Section 552) and are subject to the laws of the FOIA.

#### Jurisdiction

This Court has jurisdiction to entertain all FREEDOM OF INFORMATION ACT (FOIA) suits filed under 5 USC Section 552).

#### Venue

Venue is proper and lies in the District of Columbia on all suits under the FOIA.

#### COUNT I

1.    By letter dated July 2, 2005 to the Central Office of the Defendant FEDERAL BUREAU OF INVESTIGATION (Hereinafter "FBI") in Washington, D. C. plaintiff requested all records in any way connected to his name under the FOIA.

-2-

2.    By letter dated July 2, 2005 to the FBI Field Office in Buffalo, New York, plaintiff requested records in connection to his name.
3.    By letter dated July 2, 2005, to the FBI Field Office in Albany, New York, plaintiff requested records under the FOIA.
4.    By letter dated July 2, 2005, to the FBI Field Office in North Miami Beach, Florida, plaintiff requested records under the FOIA.
5.    By letter dated July 2, 2005, to the FBI Field Office in Jacksonville, Florida, plaintiff requested records pursuant to FOIA.
6.    By letter dated August 8, 2005 the FBI in Washington, D.C. requested a certificate of identity from plaintiff.
7.    Plaintiff returned the certificate of identity by letter dated August 23, 2005 to the FBI.
8.    By letter dated July 15, 2005, the FBI in Washington, D.C. requested a certificate of identity from plaintiff.
9.    By letter dated August 31, 2005, plaintiff again provided the FBI with the certificate of identity requested.
10.   By letter dated July 27, 2005, the FBI in Washington, D.C. a third time requested a certificate of identity from plaintiff.
11.   By letter dated September 11, 2005, plaintiff again for the third time provided said certificate of identity to the FBI.
12.   By letter dated August 17, 2005 the FBI for the fourth time requested a certificate of identity from plaintiff.
13.   By letter dated September 17, 2005 the plaintiff sent the FBI the fourth certificate of identity.
14.   By letter Dated October 18, 2005, the FBI in Washington, D.C. acknowledged receipt of plaintiff's revised request.
15.   By letter dated October 22, 2005, to the OFFICE OF INFORMATION & PRIVACY (OIP) plaintiff appealed the fact that the Field Office in Buffalo, New York had not yet responded to plaintiff's request.
16.   By letter dated October 23, 2005, plaintiff appealed the lack of a response from the Miami, Florida Field Office to the OIP.
17.   By letter dated October 24, 2005, the plaintiff appealed the lack of a response from the Jacksonville, Florida Field Office to the OIP.
18.   By letter dated October 25, 2005, the plaintiff appealed the lack of response of the Albany, New York Field Office to the OIP.
19.   By letter dated October 26, 2005, to the OIP plaintiff appealed the gross derrogation of the statutory time limits within which to process his requests by the FBI.
20.   By letter dated November 4, 2005, the FBI advised plaintiff that is was blanket denying release of any information to him.
21.   By letter to OIP dated November 14, 2005, the plaintiff appealed the blanket denials by the FBI and the arbitrary and capricious use of the FOIA exemptions to deny him access to the requested records.
22.   The FBI has not yet responded nor the OIP has not yet responded to the various requests and appeals filed by plaintiff.
23.   The FBI is in gross violation of the FOIA.
24.   This action is proper to obtain access to the requested records.

## COUNT II

1.    By letter dated June 11, 2005 to the Defendant FEDERAL BUREAU OF PRISONS, plaintiff requested a copy of all records in any way connected to his name from the BOP.
2.    By Inmate Request to Staff Member at Forrest City, Arkansas federal facility, plaintiff requested records in connection to his name.

3.   By letter to OIP dated September 21, 2005, plaintiff appealed the fact that the BOP had not responded to his requests.
4.   By letter dated October 18, 2005 plaintiff received notice from the BOP regional office that his request was being processed.
5.   By letter dated October 19, 2005, plaintiff received a notice from OIP that his appeal was received.
6.   Plaintiff then reviewed his Central File at Forrest City, AR and specifically requested to see the records that the New York designator office used to state that he had committed 15 murders.
7.   The BOP staff at Forrest City, AR refused to give the plaintiff the requested records and failed to cite any exemption to explain why.
8.   By letter to OIP dated November 15, 2005, plaintiff appealed the arbitrary and capricious withholding of records from him by the BOP.
9.   Plaintiff has never received any further notice from either the BOP or the OIP as to the requested records.
10.  Defendant BOP is in gross violation of the FOIA.
11.  This action is proper to obtain access to the requested records.

## COUNT III

1.   By letter dated June 11, 2005, to the CRIMINAL DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE (Hereinafter "Criminal Division") plaintiff requested all information in any way connected to his name.
2.   By letter dated September 2, 2005, the JUSTICE MANAGEMENT DIVISION advised plaintiff his request was being directed to the CRIMINAL DIVISION and the EOUSA.
3.   By letter to the OIP dated September 15, 2005, plaintiff appealed the failure of the CRIMINAL DIVISION to respond to his request.
4.   By letter dated September 22, 2005 the CRIMINAL DIVISION sent plaintiff a set of forms to fill out and return.
5.   By letter dated September 25, 2005, plaintiff sent in the filled out forms.
6.   By letter dated October 5, 2005 the OIP advised plaintiff that his appeal was received.
7.   By letter dated October 27, 2005, the CRIMINAL DIVISION advised plaintiff his request was received.
8.   The CRIMINAL DIVISION is in gross derrogation of the time limits of the FOIA within which to process his request.
9.   This action is proper to obtain judicial review of the action/inaction of the CRIMINAL DIVISION.

## COUNT IV

1.   By letter dated June 11, 2005, to the BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, (Hereinafter ATF) plaintiff requested a copy of all records in any way connected to his name.
2.   By letter to OIP dated September 17, 2005, the plaintiff appealed the fact that the ATF never responded to his request.
3.   By letter dated October 12, 2005, the OIP acknowledged receipt of the plaintiff's appeal.

4.    By letter dated October 14, 2005, plaintiff received records from
the ATF and notification that some records were withheld pursuant to
certain exemptions.
5.    By letter to OIP dated November 14, 2005, plaintiff appealed the
use of exemptions as arbitrary and capricious by ATF.
6.    Plaintiff has received no further correspondence from either the
ATF or the OIP regarding his requests or appeal.
7.    The withholding of information from plaintiff by the ATF is
arbitrary and capricious.
8.    ATF is in violation of the FOIA.
9.    This action is proper to obtain judicial review of the ATF action/
inaction.

### COUNT V

1.    By letter dated June 11, 2004 to the Defendant INTERNAL
REVENUE SERVICE (Hereinafter "IRS") plaintiff requested a copy of
all records in any way connected to his name.
2.    By letter dated August 4, 2005 the IRS avoided responsibility
under the FOIA and did not search the Florida or New York offices
of the IRS that plaintiff specifically asked be searched.
3.    By letter dated September 17, 2005 plaintiff filed a comprehensive
appeal to the IRS action/inaction.
4.    By letter dated October 20, 2005 the IRS notified plaintiff it
was refusing to process his appeal.
5.    The IRS is in gross and flagrant violation of the FOIA.
6.    This action is proper to obtain judicial review of the IRS
action/inaction on his FOIA request, and appeal.

### COUNT VI

1.    By letter dated June 11, 2005, to the Defendant NATIONAL SECURITY
AGENCY (Hereinafter "NSA") plaintiff requested all records in connection
to his name pursuant to the FOIA.
2.    By letter dated August 2, 2005 the NSA advised plaintiff that no
records could be found in connection to his name.
3.    By letter dated September 11, 2005 plaintiff appealed the no
records response of the NSA.
4.    NSA has never responded to the appeal.
5.    This action is proper to obtain judicial review of the NSA action/
inaction.

### COUNT VII

1.    By letter dated June 11, 2005, plaintiff requested information in
connection to his name from the Defendant UNITED STATES SECRET SERVICE
(Hereinafter "SS").
2.    By letter dated August 8, 2005, the SS advised plaintiff it was
searching its files for records.
3.    By letter dated September 19, 2005 the plaintiff appealed the failure
of the SS to process his request within the statutory time limits of FOIA.

4.    By letter dated September 20, 2005 the SS advised plaintiff that
no records were found in connection to his name.
5.    By letter dated September 26, 2005 plaintiff appealed the no
records response of the SS.
6.    By letter dated November 15, 2005 the SS advised plaintiff that
it had AFFIRMED its initial determination that no records could be
found in connection to his name in the SS.
7.    This action is proper to obtain judicial review of the SS action/
inaction.

## COUNT VIII

1.    By letter dated June 11, 2005 to the UNITED STATES MARSHALS
SERVICE (Hereinafter "USMS") plaintiff requested all records in
connection to his name.
2.    The USMS responded acknoledging receipt of the request to
plaintiff.
3.    By letter dated September 14, 2005, to the OIP plaintiff appealed
the violations of the statutory time limits within which to process his
request by USMS.
4.    The OIP never responded to the appeal.
5.    The USMS never processed the request.
6.    The USMS is in gross violation of the FOIA.
7.    This action is proper to obtain judicial review of the action/
inaction by the USMS.

## COUNT IX

1.    By letter dated June 11, 2005, to the Defendant TAX DIVISION OF THE
UNITED STATES DEPARTMENT OF JUSTICE (Hereinafter "TAX DIVISION") the
plaintiff requested all records in connection to his name.
2.    By letter dated July 8, 2005, the TAX DIVISION requested a
certificate of identity from plaintiff.
3.    Plaintiff then mailed a certificate of Identity to TAX DIVISION.
4.    By letter dated August 9, 2005 the TAX DIVISION acknowledged
receipt of the revised request.
5.    By release dated September 6, 2005 the TAX DIVISION released
certain records and withheld some pursuant to certain exemptions of
the FOIA.
6.    By letter to OIP dated September 8, 2005, plaintiff appealed the
use of the exemptions as arbitrary and capricious.
7.    The OIP acknowledged receipt of the appeal by letter dated
September 23, 2005.
8.    Plaintiff has received no further correspondence from the
TAX DIVISION or the OIP in connection to his request or appeal.
9.    This action is proper to obtain judicial review of the TAX DIVISION
action/inaction.

-6-

## COUNT X

1.    By letter to the UNITED STATES POSTAL SERVICE (Hereinafter the "USPS") dated June 11, 2005, the plaintiff requested all records in any way connected to his name.
2.    By letter dated July 11, 2005, the USPS acknowledged receipt of the request.
3.    By release dated August 24, 2005, the USMS sent plaintiff numerous documents and withheld some records pursuant to certain exemptions claimed under the FOIA.
4.    By letter dated September 8, 2005 the plaintiff appealed the withholdings as arbitrary and capricious action of the USPS.
5.    By letter dated September 30, 2005 the USMS denied the administrative appeal.
6.    This action is proper to obtain judicial review of the action/inaction by USPS.

## COUNT XI

1.    By letter to Defendant UNITED STATES CUSTOMS SERVICE (Hereinafter "Customs") plaintiff requested all records in connection to his name.
2.    CUSTOMS never responded.
3.    By appeal letter dated September 16, 2005, the plaintiff appealed the failure of CUSTOMS to respond to his request.
4.    CUSTOMS never responded to the appeal.
5.    The CUSTOMS is in blatant violation of the FOIA.
6.    This action is proper to obtain judicial review of the inaction by CUSTOMS.

## COUNT XII

1.    By letter dated June 11, 2005 to the DRUG ENFORCEMENT ADMINISTRATION (Hereinafter "DEA") plaintiff requested information in connection to his name.
2.    By letter dated August 2, 2005 the DEA acknowledged receipt of the request.
3.    By letter to OIP dated September 13, 2005 the plaintiff appealed the violation of the statutory time limits within which to process his request by the DEA.
4.    By letter dated October 12, 2005 the DEA blanket denied the plaintiff 156 pages of material under certain exemptions claimed.
5.    Plaintiff appealed the blanket denial as arbitrary and capricious by a letter to OIP dated October 20, 2005.
6.    OIP acknowledged receipt of the appeal by letter dated November 10, 2005.
7.    Plaintiff has received no further correspondence from either the OIP or DEA in connection to his request.
8.    DEA is in gross violation of the FOIA.
9.    This action is proper to obtain judicial review of the action/inaction by the DEA.

-7-

## COUNT XIII

1.   By letter to the Defendant EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS (Hereinafter "EOUSA") dated June 11, 2005 plaintiff re-
quested all information in connection to his name in the Palm Beach,
Florida and Brooklyn, New York Districts of the EOUSA.
2.   By letter dated August 30, 2005 the EOUSA assigned No. 05-2168
to one of the requests.
3.   By letter dated August 30, 2005 the EOUSA assigned No. 05-2169
to another one of the requests.
4.   By letter dated September 27, 2005 to OIP the plaintiff appealed
the violations of the statutory time limits within which to respond
to request 05-2168.
5.   By letter dated September 28, 2005 to OIP plaintiff appealed the
violations of the statutory time limits within which to process request
no. 05-2169.
6.   OIP never responded to either appeal.
7.   EOUSA is in gross violation of the FOIA.
8.   This action is proper to obtain access to the requested records
from the EOUSA.

## COUNT XIV

1.   By letter to Defendant UNITED STATES NATIONAL CENTRAL BUREAU
(Hereinafter "INTERPOL") plaintiff requested all records in connection
to his name on June 11, 2005.
2.   By letter dated July 15, 2005 INTERPOL stated it could find no
records responsive to plaintiff's request.
3.   By letter dated August 23, 2005 to OIP plaintiff appealed the
no records response of INTERPOL.
4.   OIP acknowledged receipt of the appeal on September 13, 2005.
5.   By letter from INTERPOL dated September 30, 2005 plaintiff
received a supplemental release of information from INTERPOL and
INTERPOL withheld certain records pursuant to certain claimed exemptions.
6.   Plaintiff appeal the use of the exemption by INTERPOL to the OIP
by letter dated October 20, 2005.
7.   OIP acknowledged receipt of the appeal on November 10, 2005.
8.   Plaintiff has received no further correspondence from either OIP
or INTERPOL in connection to this request.
9.   INTERPOL is in violation of the FOIA.
10.  This action is proper to obtain judicial review of the inaction or
action by INTERPOL.

## COUNT XV

1.   By letter to Defendant CENTRAL INTELLIGENCE AGENCY (Hereinafter
the "CIA") plaintiff requested records in connection to his name.
2.   CIA acknowledged receipt of the request on September 8, 2005.
By letter dated September 27, 2005 CIA stated it could not find any
records responsive to his request.

-8-

3.   By letter dated October 20, 2005 plaintiff appealed the no records response of the CIA.
4.   CIA affirmed its initial action on plaintiff's request by letter dated November 7, 2005.
5.   CIA is in violation of the FOIA.
6.   This action is proper to obtain judicial review of the CIA action/inaction.


WHEREFORE, Plaintiff prays for the following relief :

                                    1

    That these proceedings be expedited according to the FOIA;

                                    2

    Declare each and every agency named herein in violation of the FOIA;

                                    3

    ORDER that plaintiff be granted immediate access to the requested records as to each and every agency named herein;

                                    4

    Grant plaintiff his researchers/clerical and other fees incurred in the prosecution of this suit by defendants;

                                    5

    Sanction each and every federal employee who is responsible for intentionally withholding information from the plaintiff in each and every agency or count named herein;

                                    6

    ORDER and rule that plaintiff substantially prevailed in this suit as to each and every count;

                                    7

    Grant any further relief that this Court deems just and proper.

Respectfully Submitted this _4TH_ day of December, 2005.

                              By_X Anthony Graziano_
                                 ANTHONY GRAZIANO, Pro Se 48743-080
                                 Federal Correctional Complex
                                 Box 3000 (MEDIUM)
                                 Forrest City, Arkansas 72336


                                  -9-