UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ANTHONY GRAZIANO,              )
                               )
         Plaintiff,            )
                               )
    v.                         ) Civil Action No. 06-36 RCL
                               )
FEDERAL BUREAU OF              )
   INVESTIGATION, et al.,      )
                               )
         Defendants.           )
                               )
```

**FBI'S MOTION TO DISMISS IN PART OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT AND FOR <u>STAY PENDING PROCESSING OF THE REMAINING RECORDS</u>**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the Federal Bureau of Investigation hereby moves to dismiss this action in part as moot. In the alternative, the Court is asked to enter partial summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the FBI is entitled to judgment as a matter of law on the limited issues set forth below.[1]  The FBI also notes

---

[1] To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendant. <u>See</u> Fed. R. Civ. P. 12(b); 56. Plaintiff should take notice that any factual assertions contained in the documents in support of this motion may be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. <u>See</u> <u>Neal</u> v. <u>Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all

that several thousand documents have been located and will be processed now that the investigations that were pending have reached a stage where processing may proceed without interference with the investigations. Thus, FBI asks for a stay in order to fulfill its obligations as to those remaining records.[2] In

---

> papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

[2] The FBI sincerely regrets that it was unable to process all of the responsive documents in its possession in order to file a comprehensive dispositive motion with the remaining 14 defendants this date, but only recently did it ascertain that previously open law enforcement investigations that had warranted withholding under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), were at a stage where processing could now be completed.

support of these motions, the Court is respectfully referred to the accompanying memorandum and statement of material facts.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ANTHONY GRAZIANO,              )
                               )
        Plaintiff,             )
                               )
    v.                         )  Civil Action No. 06-36 RCL
                               )
FEDERAL BUREAU OF              )
    INVESTIGATION, et al.,     )
                               )
        Defendants.            )
                               )
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FBI'S MOTION TO DISMISS IN PART OR,
IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT AND
FOR STAY PENDING PROCESSING OF REMAINING RECORDS**

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA/Privacy Act request to fifteen separate agencies or agency components. At the time of the filing of the Complaint, Plaintiff alleged that he had not yet received documents from the FBI in response to his FOIA request. Since the filing of the Complaint, searches have been conducted of the field offices and FBI headquarters ("FBIHQ") that Plaintiff asked the FBI to search.[1] Three field offices have no responsive records, FBI headquarters has completed its search, processing and release of records. See Declaration of David M. Hardy ("Hardy Decl.").

---

[1] Plaintiff requested records from the FBIHQ, and FBI Field Offices in Buffalo, Albany and Jacksonville. Complaint at 2-3. Plaintiff also sought documents from the Field Office in North Miami Beach, Florida (hereafter, the Miami Field Office). Id. at 3.

What remains, however, is the processing of thousands of pages of responsive records that had, until recently, been the subject of one or more ongoing investigations.  The FBI has recently ascertained, however, that the investigations have reached a stage where Exemption 7(A) of the FOIA will no longer be claimed.[2]  See Hardy Decl., ¶ 31.  Those records, which number in the thousands, could not be processed in time to incorporate them into the dispositive motion filed by the remaining defendants this date.  The FBI, therefore, seeks dismissal of those claims against it that would be applicable to the following offices: FBIHQ, the Buffalo Field Office, the Albany Field Office and the Jacksonville Field Office.

"[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'"  Trueblood v. U.S. Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. United States State Dept., 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (release of all non-exempt material, no matter how delayed, moots lawsuit); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).

A FOIA action is designed to remedy the improper

---

[2]  The FBI submits that, although 5 U.S.C. § 552(b)(7)(A) may not be applied to the Miami Field Office records at this time, several other exemptions under 5 U.S.C. § 552(b) may apply.

>   withholding of documents and to compel their
>   disclosure; it does not provide an after-the-fact
>   remedy once documents have been released, however
>   tardily. Tijerina v. Walters, 821 F.2d 789, 799 (D.C.
>   Cir. 1987). That information is still being discovered
>   and released does not mean that [the agency's] search
>   was inadequate or conducted in bad faith, as Landmark
>   suggests. Rather, it shows [the agency's] good faith
>   in continuing to search for records responsive to
>   Landmark's request. Meeropol v. Meese, 790 F.2d 942,
>   952-53 (D.C. Cir. 1986).

Landmark Legal Foundation v. EPA, 272 F.Supp.2d 59, 69 (D.D.C. 2003). The FBI has satisfied its obligations with respect to all of its offices likely to have responsive records, with the exception of the Miami Field Office. See Hardy Decl., ¶¶ 5-9, 26, 29. Thus, Plaintiff's claims as to any other FBI office should be dismissed as moot or summary judgment entered in favor of the FBI on those claims.

As to the remaining files, those in the Miami Field Office, the FBI is processing the records and shall make periodic releases, so long as Plaintiff satisfies his obligations to pay applicable fees. FBI respectfully asks that the Court stay the matter as to those documents and adopt a schedule, including dates for periodic updates, plaintiff's identification of challenges to any withholdings and a final dispositive motion

date.  A schedule is set forth in the accompanying proposed order to address further briefing.

                Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ANTHONY GRAZIANO,              )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civil Action No. 06-36 RCL
                               )
FEDERAL BUREAU OF              )
   INVESTIGATION, et al.,      )
                               )
          Defendants.          )
                               )
```

## DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7(h), the FBI hereby submits the following statement of material facts as to which there is no genuine issue.

1. Since the filing of the Complaint in this action, proper searches were conducted of the FBI Headquarters ("FBIHQ") and FBI Field Offices in Buffalo, Albany and Jacksonville, seeking documents responsive to Plaintiff's Freedom of Information Act ("FOIA") request. See Declaration of David M. Hardy ("Hardy Decl."), ¶¶ 5-9, 21-31; Complaint at 2-3.

2. The searches for documents in the FBI Field Offices in Buffalo, Albany and Jacksonville revealed that there were no responsive documents located in those offices. See Hardy Decl., ¶¶ 30.

3. The responsive documents located in the FBIHQ were

processed and released to Plaintiff with proper redactions and withholdings about which Plaintiff has not complained. Id., ¶ 29.

                    Respectfully submitted,

                    _____
                    KENNETH L. WAINSTEIN, DC Bar #451058
                    United States Attorney

_____
                    RUDOLPH CONTRERAS, DC Bar #434122
                    Assistant United States Attorney

                    _____
                    W. MARK NEBEKER, DC Bar #396739
                    Assistant United States Attorney

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing FBI's Motion To Dismiss In Part Or, In The Alternative, For Partial Summary Judgment And For Stay Pending Processing Of The Remaining Records and a proposed Order has been made by mailing copies thereof to:

ANTHONY GRAZIANO
# 48743-080
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, FL 33101

and

ANTHONY GRAZIANO
# 48743-080
FORREST CITY FEDERAL CORRECTIONAL COMPLEX
(MEDIUM)
P.O. Box 3000
Forrest City, AK 72336

on the 8th day of June, 2006.

_____
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7230