UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY GRAZIANO,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              ) Civil Action No. 06-36 RCL
                                     )
FEDERAL BUREAU OF                    )
   INVESTIGATION, et al.,            )
                                     )
          Defendants.                )
_____    )

FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the Federal

Bureau of Investigation ("FBI") hereby moves to dismiss this

action.  In the alternative, the Court is asked to enter summary

judgment in favor of the moving Defendants, pursuant to Fed. R.

Civ. P. 56, because there is no genuine issue as to any material

fact and the FBI is entitled to judgment as a matter of law.[1]

_____

[1]  To the extent that the Court may rely on matters outside of
the pleadings, the Court may enter summary judgment in favor of
the defendant.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff should
take notice that any factual assertions contained in the
documents in support of this motion may be accepted by the Court
as true unless the plaintiff submits his own affidavit or other
documentary evidence contradicting the assertions in the
documents.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir.
1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

     Supporting and opposing affidavits shall be made on
     personal knowledge, shall set forth such facts as would
     be admissible in evidence, and shall show affirmatively
     that the affiant is competent to testify to the matters
     stated therein.  Sworn or certified copies of all
     papers or parts thereof referred to in an affidavit
     shall be attached thereto or served therewith.  The
     court may permit affidavits to be supplemented or

The Court is respectfully referred to the accompanying memorandum and to the statement of material facts accompanying this motion.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY GRAZIANO,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )  Civil Action No. 06-36 RCL
                                 )
FEDERAL BUREAU OF                )
   INVESTIGATION, <u>et al.</u>, )
                                 )
          Defendants.            )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

INTRODUCTION

The remaining claims in this action arise under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("PA"), 5 U.S.C. § 552a, and pertain to the processing of Plaintiff's FOIA/Privacy Act request by the FBI in the Miami Field Office.[1]  Plaintiff has failed timely to pay the required fees for the documents he seeks and the case is therefore subject to dismissal.

_____

[1]  All claims against the other defendants, Drug Enforcement Agency, Interpol - U.S. National Central Bureau, Bureau of Prisons, Department of Justice, Criminal Division, Executive Office for United States Attorneys, National Security Agency, Central Intelligence Agency, United States Postal Service, United States Marshals Service, United States Secret Service, United States Customs and Border Protection, Bureau of Alcohol, Tobacco, Firearms and Explosives, Department of Justice, Tax Division, and Internal Revenue Service were dismissed by the Court in its January 24, 2007 Order.  That same Order also dismissed all claims against the FBI based upon claimed records in the FBI Headquarters, the Buffalo Field Office, the Albany Field Office and the Jacksonville Field Office, leaving only those claims involving records sought from the FBI's Miami Field Office.  <u>Id</u>.

<u>ARGUMENT</u>

In the status report[2] filed with the Court on March 28, 2007, the FBI noted that Plaintiff has failed to pay the fees required to receive the documents he has sought. That report advised:

> As reflected in greater detail in the accompanying Second Declaration of David M. Hardy, Plaintiff has failed to satisfy his obligation to arrange for payment of outstanding fees in this Freedom of Information Act action. As a result, Plaintiff may not proceed. See 28 C.F.R. § 16.11(i)(3); 5 U.S.C. § 552(a)(4)(A)(v). An agency may require payment of fees even if the FOIA request has become the subject of litigation. <u>See</u>, e.g., <u>Trueblood</u> v. <u>U.S. Dept. of Treasury, IRS</u>, 943 F. Supp. [64, 68 (D.D.C. 1996)] (failure to pay fees is a jurisdictional defense that can be raised at any time); <u>see</u> <u>also</u> <u>Pollack</u> v. <u>Department of Justice</u>, 49 F.3d 115, 117, 119-20 (4th Cir. 1995) ("we affirm the district court's judgment [for DOJ] because Pollack refused to pay the required fees for search and duplicating costs or to obtain a waiver of that requirement").

Second Status Report By The Federal Bureau Of Investigation ("Second Status Report") at 1.

Indeed, the Second Declaration of David M. Hardy filed with the Second Status Report does fully document the failure by Plaintiff to satisfy his obligation to pay the fees required. <u>See</u> Second Declaration of David M. Hardy, ¶¶ 5-7. In short, on September 29, 2006 and November 30, 2006, the FBI released records to Plaintiff totaling 359 pages, for which Plaintiff owes

---

[2] The Court's January 24, 2007 Order also required the FBI to provide periodic updates on the processing of the FBI's documents in the Miami Field Office.

-2-

$25.90.  Second Declaration of David M. Hardy, ¶ 6 (filed March 28, 2007); see 28 C.F.R. § 16.11.  In a letter dated January 29, 2007, the FBI advised Plaintiff that it had not received payment of fees assessed by virtue of the releases made on September 29, 2006 and November 30, 2006, and further advised that an additional 251 pages of responsive records would be released to Plaintiff pursuant to his request for records from the FBI's Miami Field Office ("MMFO") upon Plaintiff's payment of the aggregate fees in the amount of $51.00.  Id., ¶¶ 4-6.

Consistent with Department of Justice regulations, the January 29, 2007 letter from the FBI also advised that if the FBI did not receive payment within thirty (30) days from the date of the letter, it would administratively close plaintiff's request. Id., ¶ 6; 28 C.F.R. § 16.11.  But, despite the passage of more than thirty days from the date of the January 29, 2007 letter to Plaintiff, neither Plaintiff nor anyone on his behalf has paid the outstanding fees.  See Second Declaration of David M. Hardy, ¶ 7.

As another Court in this District held:

> An agency may charge a requester reasonable fees for the search, review, and duplication of responsive documents. 5 U.S.C. § 552(a)(4)(A). In cases such as plaintiff's, an agency may charge fees only to search for and duplicate responsive records. 5 U.S.C. § 552(a)(4)(A)(ii)(III).  Generally, there are three levels or limitations on fees. An agency may charge fees for the search, review and duplication of records if the records are requested for a commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(I).  If the records are

-3-

sought for a noncommercial use and the request is made
by an educational or non-commercial scientific
institution or by a representative of the news media,
an agency may charge fees only for the cost of
duplication. 5 U.S.C. § 552(a)(4)(A)(ii)(II). Nothing
in the record suggests a commercial use or a
non-commercial use by a scientific or educational
institution, nor is plaintiff a representative of the
news media. Therefore, neither of these limitations is
applicable in this case. In all other cases not
covered by the above provisions, an agency may charge
fees for the search for and duplication of records. 5
U.S.C. § 552(a)(4)(A)(ii)(III). There is no charge for
the first two hours of search time or for the first 100
pages of duplication if the requester, like plaintiff,
has no commercial purpose for the requested records. 5
U.S.C. § 552(a)(4)(A)(iv)(II); 28 C.F.R. § 16.11(d)(3).
If an agency determines or estimates that the fees to
be charged will exceed $25, the agency must notify the
requester of the actual or estimated fee. 28 C.F.R. §
16.11(e). The agency neither considers a request
received nor performs any further work on a request
until the requester agrees in writing to pay the
anticipated total fee. Id. If the agency determines
or estimates that the total fee to be charged will
exceed $250, the agency may require the requester to
make an advance payment before it begins to process the
request. 28 C.F.R. § 16.11(i)(2).

* * *

    The Court concludes that by failing either to pay
the assessed copying fee in full or to obtain a fee
waiver, plaintiff did not exhaust his administrative
remedies. Accordingly, defendant's motion for summary
judgment will be granted.

Harrington v. Department of Justice, Civil Action No. 06-0254

ESH, 2007 WL 625853, *3-*4 (D.D.C. Feb. 27, 2007); accord

Ivey v. Snow, Civil Action No. 05-1095 EGS, 2006 WL 2051339, *3

(D.D.C. July 20, 2006)("A requester does not exhaust his

administrative remedies 'until the required fees are paid or an

appeal is taken from the refusal to waive fees.'") (quoting

-4-

Oglesby v. United States Dep't of the Army, 920 F.2d 57, 66 (D.C. Cir. 1990)).

In short, a FOIA lawsuit "is subject to dismissal for lack of subject matter jurisdiction if [the plaintiff] fails to exhaust all administrative remedies." Trueblood, 943 F. Supp. at 67; see also Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Center to Prevent Handgun Violence, 981 F. Supp. 20, 23 (D.D.C. 1997); Crooker v. United States Secret Serv., 577 F. Supp. 1218, 1219 (D.D.C. 1983). And, "strict enforcement of the exhaustion doctrine is favored in FOIA cases." Center to Prevent Handgun Violence, 981 F. Supp. at 23. Plaintiff's failure to pay the assessed fee is therefore fatal to Plaintiff's claim. As the Court has concluded in a similar case:

> In a FOIA case, exhaustion of administrative remedies is a condition precedent to judicial review. Stebbins v. Nationwide Mutual Insurance, 757 F.2d 364, 366 (D.C. Cir. 1985). Thus, a plaintiff's FOIA claims are subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust administrative remedies. Dettmann v. U.S. Department of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). Exhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the government's refusal to waive fees. Oglesby v. U.S. Department of Army, 920 F.2d 57, 66 (D.C. Cir. 1990); Trueblood v. U.S. Department of the Treasury, 943 F.Supp. 64, 68-69 (D.D.C. 1996). In support of its motion for summary judgment, the government argues that the Court lacks jurisdiction because Jeanes failed to pay the assessed search fees and also failed to appeal the denial of his request for a fee waiver. Jeanes responds that this Court has subject matter jurisdiction because he constructively exhausted his administrative remedies when the agency did not respond to his request within the statutory period, and then

only notified him of the estimated fees for processing
his request after he had already filed suit.  Moreover,
Jeanes asserts that after the government filed its
motion for summary judgment, he attempted to pay the
estimated fees, but was unable to do so.

The Court finds that it lacks subject matter
jurisdiction over this action because there is no
evidence in the record that Jeanes has properly paid
the fees assessed by the agency to process his request.

Jeanes v. U.S. Department of Justice, 357 F. Supp. 2d 119, 122-23

(D.D.C. 2004).  This same conclusion applies to the instant

action, where Plaintiff has failed to pay the requisite fees.

<u>CONCLUSION</u>

WHEREFORE, the above civil action should be dismissed, or

summary judgment entered in favor of the FBI on the sole

remaining claim.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY GRAZIANO,                   )
                                    )
            Plaintiff,              )
                                    )
     v.                             )  Civil Action No. 06-36 RCL
                                    )
FEDERAL BUREAU OF                   )
   INVESTIGATION, <u>et</u> <u>al.</u>,        )
                                    )
            Defendants.             )
_____ )

STATEMENT OF MATERIAL FACTS AS
<u>TO WHICH THERE IS NO GENUINE ISSUE</u>

Pursuant to Local Rule 7(h), the Federal Bureau of Investigation ("FBI") hereby submits the following statement of material facts as to which there is no genuine issue.

1)  The Federal Bureau of Investigation is a component of the United States Department of Justice.  28 C.F.R. Part 0, Subpart P.

2)  The Department of Justice has implemented regulations governing the fees to be charged under the Freedom of Information Act and Privacy Act.  <u>See</u> 28 C.F.R. §§ 16.11; 28 C.F.R. § 16.49.

3)  Under 28 C.F.R. § 16.49, search and review fees may be charged for Privacy Act requests where the records have been exempted from access under 5 U.S.C. § 552a(j)(2) or (k)(2).  <u>See</u> 28 C.F.R. § 16.49.

4)  The FBI's Miami Field Office records at issue in this action have been exempted from access under 5 U.S.C. § 552a(j)(2) or (k)(2).  <u>See</u> 28 C.F.R. § 16.96; 63 Fed. Reg. 8671 (Feb. 20,

2998).

5) On September 29, 2006 and November 30, 2006, the FBI released records to Plaintiff totaling 359 pages, for which Plaintiff owes $25.90.  Second Declaration of David M. Hardy, ¶ 6 (filed March 28, 2007); see 28 C.F.R. § 16.11.

6)  In a letter dated January 29, 2007, the FBI advised Plaintiff that it had not received payment of fees assessed by virtue of the releases made on September 29, 2006 and November 30, 2006, and further advised that an additional 251 pages of responsive records would be released to Plaintiff pursuant to his request for records from the FBI's Miami Field Office ("MMFO") upon Plaintiff's payment of the aggregate fees in the amount of $51.00.  Id., ¶¶ 4-6.

7)  Consistent with Department of Justice regulations, the January 29, 2007 letter from the FBI also advised that if the FBI did not receive payment within thirty (30) days from the date of the letter, it would administratively close plaintiff's request. Id., ¶ 6; 28 C.F.R. § 16.11.

8)  Despite the passage of more than thirty days from the date of the January 29, 2007 letter to Plaintiff, neither

Plaintiff nor anyone on his behalf has paid the outstanding fees.

<u>See</u> Second Declaration of David M. Hardy, ¶ 7.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

-3-

## CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that service of the foregoing Federal

Bureau Of Investigation's Motion To Dismiss Or, In The

Alternative, For Summary Judgment, supporting memorandum,

statement of material facts and a proposed Order has been made by

mailing copies thereof to:

ANTHONY GRAZIANO
# 48743-080
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, FL 33101

and

ANTHONY GRAZIANO
# 48743-080
Federal Correctional Complex
P.O. Box 3000 (Medium)
Forrest City, Arkansas 72336


on the 11th day of April, 2007.


                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230